AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)     ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
6/11/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___MMC___ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
6/11/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: /Valeria Munoz/ DEPUTY

United States of America,
    Plaintiff

v.

OMAR PULIDO BASTIDA,
  aka "Omar Pulido,"
    Defendant

Case No. 2:25-MJ-03579-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

    I, Nicholas A. DeSimone, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of June 10, 2025, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a) | Assault of a Federal Employee |

This criminal complaint is based on these facts:

  *Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

Nicholas A. DeSimone, Resident Agent in Charge
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 6/11/25

[signature]
Judge's signature

City and state: Los Angeles, California

Hon. Charles F. Eick, U.S. Magistrate Judge
*Printed name and title*

AUSA: MiRi Song (x12262)

**AFFIDAVIT**

I, Nicholas DeSimone, being duly sworn, declare and state as follows:

I. **PURPOSE OF AFFIDAVIT**

1. This affidavit is made in support of a criminal complaint against and arrest warrant for Omar PULIDO-Bastida, also known as "Omar Pulido" ("defendant"), charging him with violating Title 18, United States Code, Section 111, Assaulting, Resisting, or Impeding a Federal Officer.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

II. **BACKGROUND OF RESIDENT AGENT IN CHARGE NICHOLAS DESIMONE**

3. I am a Homeland Security Investigations ("HSI") Special Agent ("SA") and have been employed as such since February 21, 2016. I am authorized by Title 8, United States Code, Section 1357, and Title 19, United States Code, Section 1589a, to investigate immigration law and customs law violations, respectively.

4. On March 5, 2009, I began my law enforcement career with the United States Border Patrol ("USBP") as a Border Patrol

agent.  From 2009 to 2016, I was primarily assigned to the USBP's El Centro Sector in Southern California.  During my tenure with the USBP, I was assigned to various interdiction and intelligence teams, and from my assignment on these teams, I became trained and experienced in surveillance, investigative research, the analysis of telephone records, and basic investigative skills related to the interdiction of contraband smugglers.  Additionally, during this period, I was the Indio Border Patrol Station's prosecutions officer.  In that role, my duties involved conducting reactive investigations of both immigration and customs violations and, if applicable, seeking criminal prosecutions for those violations.  During the course of my employment with the USBP, I was involved in hundreds of prosecutions related to the illegal entry of criminal aliens into the United States and the smuggling of human and drug contraband by transnational criminal organizations.

5.   In 2016, I began my employment with HSI.  I attended and completed the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the HSI Special Agent Training Program.

6.   Following the completion of my training, from 2016 to 2019, I was assigned to the HSI Los Angeles International Airport ("LAX") Office in El Segundo, California, where I was primarily assigned to investigating contraband smuggling – namely opioid smuggling – via the mail and commercial cargo systems.

7. From 2019 to 2024, I was a member of Group 46 of the Southern California Drug Task Force, where I was tasked with performing criminal investigations into complex drug trafficking conspiracies and networks. During this period, I led and participated in dozens of investigations of complex drug trafficking conspiracies.

8. I am currently the Resident Agent in Charge of the HSI Integrated Operations Group Task Force ("Task Force"). As part of this Task Force, I investigate various immigration crimes with Department of Homeland Security ("DHS") agents and analysts, including from HSI and Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations. As a result of my collaboration with these DHS employees on this Task Force, I am familiar with DHS databases that are used to identify individuals who are subject to prosecution for federal crimes.

### III. STATEMENT OF PROBABLE CAUSE

9. On or about February 15, 2025, the Honorable Alicia G. Rosenberg, U.S. Magistrate Judge for the Central District of California issued a federal arrest warrant for defendant, charging him with a violation of Title 8, United States Code, Section 1326, Illegal Alien Found in the United States Following Deportation or Removal.

10. On or about June 10, 2025, at approximately 6:05 a.m., Immigration and Customs Enforcement ("ICE") Deportation Officer ("DO") Ivan Robles, attempted to place defendant into custody

pursuant to this arrest warrant at defendant's residence in Los Angeles, California.

11. DO Robles knocked at the primary entry to defendant's residence and announced, "Police with a warrant. Open the door." DO Robles then observed defendant, from a second-story balcony, tell DO Robles, "Warrant, my dick!"

12. After several minutes, DO Robles, while waiting at an enclosed patio at the primary entrance to the residence, saw defendant open the front door. There was an iron security gate separating defendant from DO Robles.

13. DO Robles told defendant there was an arrest warrant for defendant. Defendant said, "No, get out of here. I know my rights. I'm calling my lawyer," and then spit through the security gate on DO Robles. DO Robles, at the time, was leaning his head against the grated security gate to be able to maintain visual acuity of defendant and felt the spit on his face. After spitting on DO Robles, defendant retreated back into the residence.

14. Shortly after, ICE personnel forced entry into the residence and located defendant hiding in a second-story storage room. Upon being contacted by law enforcement, defendant said, "Ok, you got me." Defendant was arrested without further incident.

//
//
/

## IV. CONCLUSION

15. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 18, United States Code, Section 111, Assaulting, Resisting, or Impeding a Federal Officer.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this  11th day of June
2025.

_____
HONORABLE CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

5